IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Chad Black, #317266, )
                     Plaintiff, )
vs. )
South Carolina Department of Correction )
and Warden Willie Eagleton, )
                     Defendants. )

) C/A No. 3:11-2841-MBS

**O R D E R**

Plaintiff Chad Black is an inmate in custody of the South Carolina Department of Corrections (SCDC). He currently is housed at Evans Correctional Institution in Bennettsville, South Carolina. On October 24, 2011, Plaintiff filed a complaint alleging that he was attacked by another inmate and that Officers J. Brown and T. Pervis failed to protect him and retaliated against him, in violation of his constitutional rights. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

On December 22, 2011, Defendant SCDC filed a motion to dismiss on the grounds that it is not a "person" subject to suit under § 1983. By order filed December 22, 2011, pursuant to Roseboro Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendant SCDC's motion on January 9, 2012.

On April 9, 2012, Defendants filed a joint motion for summary judgment. Defendants asserted that (1) Plaintiff had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a); (2) Plaintiff alleged no facts implicating Defendant Eagleton in the altercation between

Plaintiff and another inmate; (3) there is no evidence that Defendant Eagleton was deliberately indifferent to any risk of harm to Plaintiff; (4) Defendants are entitled to qualified immunity; (5) the doctrine of respondeat superior is not applicable to impose liability on Defendant Eagleton; (6) there is no allegation that Defendant Eagleton was constitutionally deficient in his supervisory duties; (7) Plaintiff provides no evidence of any retaliatory acts on the part of Defendants; and (8) any state court claims should be dismissed as without merit. A second Roseboro order was issued on April 10, 2012. Plaintiff filed no response to Defendants' motion for summary judgment.

On May 23, 2012, the Magistrate Judge filed a Report and Recommendation in which he recommended that Defendant SCDC's motion to dismiss be granted, and that Defendants' joint motion for summary judgment be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court concurs with the Magistrate Judge's

recommendation and incorporates the Report and Recommendation herein.  Defendant SCDC's motion to dismiss (ECF No. 17) is **granted**.  Defendants' joint motion for summary judgment (ECF No. 27) also is **granted** and the case dismissed, with prejudice.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
United States District Judge

Columbia, South Carolina

June 25, 2012

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**